IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America, ) | |
| ) | Criminal No. 2:19-cr-541-BHH |
| ) | Civil No. 2:21-cv-1943-BHH |
| v. ) | |
| ) | |
| Devin Riley Walker, ) | **ORDER** |
| ) | |
| Defendant/Movant. ) | |
| _____ ) | |

This matter is before the Court upon Movant Devin Riley Walker's ("Walker") pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government has filed a response in opposition and motion for summary judgment, to which Walker has failed to respond. For the reasons set forth below, the Court agrees with the government that Walker has failed to provide adequate facts showing that he is entitled to relief, and the Court therefore grants the government's motion for summary judgment.

## **BACKGROUND**

A federal grand jury indicted Walker for being a felon in possession on June 11, 2019. Walker moved to suppress the evidence obtained against him, and the parties briefed the issue. After the Court set the matter for a hearing, the parties discussed a potential plea agreement, and the hearing was postponed. Thereafter, the United States Probation Office prepared a pre-sentence investigation report ("PSR"), and the parties reached a Rule 11(c)(1)(C) plea agreement with a stipulated sentence of 78 months' imprisonment, which the Court accepted on April 20, 2021, thereby sentencing Walker to 78 months' imprisonment to be followed by three years of supervised release.

Walker filed the instant § 2255 motion in June of 2021, identifying "My Right to due

process" as a ground for relief.  (ECF No. 102 at 4.)

## STANDARD OF REVIEW

Courts are required to liberally construe pleadings filed by pro se litigants to allow for the development of potentially meritorious claims.  *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).  Further, pro se complaints are held to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 596 (1972).

Here, Walker proceeds under 28 U.S.C. § 2255, which provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.  On a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, the movant bears the burden of proving the grounds for collateral attack by a preponderance of the evidence.  *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).  In deciding a § 2255 motion, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  Here, the Court has thoroughly reviewed the motions, files, and records in this case and finds that no hearing is necessary.

## DISCUSSION

In its response to Walker's § 2255 motion, the government first asserts that it is entitled to summary judgment because Walker's motion "quite literally contains no supporting facts."  (ECF No. 105 at 3.)  Also, the government asserts that any due process claim alleged by Walker is barred under the appellate waiver in the plea agreement.

The Court issued an order pursuant to *Roseboro v. Garrison*, advising Walker of the

applicable rules and the possible consequences if he failed to respond to the government's motion. However, to date, Walker has filed nothing to support his § 2255 motion, and the *only* facts alleged in the motion are "My Right to due process." (ECF No. 102 at 4.) In other words, nowhere does Walker outline *any* facts whatsoever establishing that he is entitled to relief, and the Court is left to simply guess as to how he believes his due process rights were violated. While a pro se pleading is held to a less stringent standard than a pleading drafted by a lawyer, the Court simply cannot construe a claim where a pro se litigant has included no factual allegations whatsoever to support the claim. Accordingly, the Court agrees with the government that Walker has failed to demonstrate that he is entitled to relief under § 2255. Likewise, the Court agrees with the government that to whatever extent Walker seeks to attack his conviction or sentence based on a violation of his right to due process, the waiver in his plea agreement would effectively bar such claim.

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Walker's wholly unsupported § 2255 motion (ECF No. 102) is denied, and the government's motion for summary judgment (ECF No. 105) is granted.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

February 6, 2023
Charleston, South Carolina

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has

3

>made a substantial showing of the denial of a constitutional right.
>
>(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the Court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

Here, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, the Court denies a certificate of appealability.